**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROD MITCHELL, | : | |
| | : | Civil Action No. 08-0510 (FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SGT. D.J. MacMINN, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff pro se
Rod Mitchell
Somerset County Jail
40 Grove Streeet
Box 3000
Somerville, NJ 08876

**WOLFSON**, District Judge

Plaintiff Rod Mitchell, a prisoner confined at Somerset County Jail in Somerville, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on February 12, 2005, while he was sitting in his car in the parking lot of the Pheasant Run Shopping Mall waiting for his son, Sgt. D.J. MacMinn asked Plaintiff what he was doing and, after Plaintiff answered that he was waiting for his son, Sgt. MacMinn called him "a smart mouth Nigger," pulled him out of his car, and, while another officer held Plaintiff, and searched Plaintiff's car without permission. Sgt. MacMinn threatened Plaintiff with physical harm several times. During this incident, Plaintiff suffered a seizure and was taken to Somerset Medical Center for treatment. Plaintiff alleges that, as a result of the incident, he takes medication for mental health problems and has tried to commit suicide twice.

Thereafter, Plaintiff was charged with shoplifting and resisting arrest. Plaintiff alleges that, on September 21, 2007, all charges were dropped.

Plaintiff alleges that the Warren Township Chief of Police allowed officers to cover up what happened to him by not doing anything to investigate Plaintiff's allegations of wrongdoing. Plaintiff alleges that one or more unnamed Warren Township Police

Officers were present during and after his arrest, failed to stop Sgt. MacMinn from searching Plaintiff's car, and filed reports supporting him, but testified truthfully at a suppression hearing on February 27, 2007, that Sgt. MacMinn did not have Plaintiff's permission to search Plaintiff's car.

Plaintiff names as defendants Sgt. D.J. MacMinn, unnamed Warren Township Police Officer(s), and the Warren Township Chief of Police. Plaintiff seeks declaratory relief, compensatory damages, and punitive damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

4

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286,

1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).[1]

## IV.   ANALYSIS

A.   False Arrest/ False Imprisonment / Unlawful Search

Plaintiff alleges that Sgt. D.J. MacMinn and other unnamed officers stopped, searched, and arrested him, in February 2005, without sufficient probable cause.  Plaintiff's Complaint is dated January 24, 2008.  This claim must be dismissed as untimely.  See Nicholas v. Heffner, 2007 WL 933298, *2 (3d Cir. 2007) (unpubl.) ("Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible.").

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also, Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983

---

[1] Thus, the Chief of Police is not vicariously liable for any wrongful acts by the arresting officer(s).

for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman). Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends. Wallace, 127 S.Ct. at 1095-96.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process - when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

Wallace 127 S.Ct. 1096 (emphasis in original) (citations and footnote omitted). Similarly, any claim of constitutional deprivation arising out of the search accrued at the time of the search.

8

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.[2]  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing

---

[2] However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  Wallace v. Kato, 127 S.Ct. at 1095 (emphasis in original).

tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, the false arrest, false imprisonment, and unlawful search claims

10

accrued in February 12, 2005.  Plaintiff does not allege the time period during which he was in custody prior to the institution of legal process, but he does allege that he was indicted in 2005. Thus, this Complaint, submitted in 2008, is untimely on its face. Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Therefore, Plaintiff's false arrest, false imprisonment, and unlawful search claims are untimely and must be dismissed with prejudice.

B.   Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state

11

a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Plaintiff alleges that the charges against him were not dropped until September 21, 2007.  Accordingly, the malicious prosecution claim appears to be timely.  Plaintiff's "malicious prosecution" claim may proceed as against Sgt. MacMinn and the unnamed Warren Township Police Officer(s).[3]

C.   "Cover Up/ Failure to Investigate

Plaintiff alleges that the Chief of Police allowed other officers to "cover up" their offense by failing to investigate and act on Plaintiff's allegations of wrongdoing.

> Cover-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause.  Swekel v. City of River Rouge, 119 F.3d 12559, 1261-64 (6th Cir. 1997); Bell v. City of Milwaukee, 746 F.2d 1205, 1253-58 (7th Cir. 1984); Ryland v. Shapiro, 708 F.2d 967, 975 (5th Cir. 1983); see also Wolff v. McDonnell, 418 U.S. 539, 579, 94

---

[3] Fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'"  Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted).

> S.Ct. 2963, 2986, 41 L.Ed..2d 935 (1974) ("The right of access to the courts ... is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."). "[I]f state officials wrongfully and intentionally conceal information crucial to a persons's ability to obtain redress through the courts, and do so for the purpose of frustrating that right, and that concealment and the delay engendered by it substantially reduce the likelihood of one's obtaining the relief to which one is otherwise entitled, they may have committed a constitutional violation." Swekel, 119 F.3d at 1262-63 (citing Ryland, 708 F.2d at 969-70).

Estate of Smith v. Marasco, 318 F.3d 497, 511 (3d Cir. 2003).

"However, laxity in investigation, without active concealment, does not amount to a violation of [an individual's] constitutional rights. See Flores v. Satz, 137 F.3d 1275, 1278 n.7 (11th Cir. 1998); Bell, 746 F.2d at 1261-62 (distinguishing active concealment from cases involving officers 'lax in their investigatory duties')." Kelso v. City of Toledo, 77 Fed.Appx. 826, 833, 2003 WL 22284122, 7 (6th Cir. 2003). See also Graw v. Fantasky, 68 Fed.Appx. 378, 2003 WL 21523251 (3d Cir. 2003) (unpubl) ("'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'") (quoting unpubl. District Court opinion) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). Cf. Burnside v. Moser, 138 Fed.Appx. 414, 416, 2005 WL 1532429 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance

process); Lewis v. Williams, 2006 WL 538546, *7 (D. Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases).

Here, Plaintiff alleges that the Chief of Police failed to investigate Plaintiff's allegations of misconduct in connection with his arrest, which Plaintiff then characterizes as a "cover up." Nothing that the Chief of Police is alleged to have done prevented Plaintiff from timely filing a civil action based on the alleged false arrest, false imprisonment, or unlawful search. So far as the malicious prosecution claim is concerned, that claim can proceed. Without more, the allegation of failure to investigate fails to state a claim and must be dismissed.

## V. CONCLUSION

For the reasons set forth above, all claims except the malicious prosecution claim must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[4] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to

---

[4] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

14

overcome the deficiencies identified herein, the Court will grant Plaintiff leave to file an amended complaint.[5]  An appropriate order follows.

                                                s/Freda L. Wolfson
                                                Freda L. Wolfson
                                                United States District Judge

Dated: 3/26/08

---

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.