UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROD MITCHELL,** | : | **Civil Action No. 08-510 (FLW)** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | ORDER |
| **SERGEANT DJ MACMINN, et al.,** | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

This matter having come before the Court upon Application by *pro se* Plaintiff Rod Mitchell ("Plaintiff") to appoint *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) [dkt. entry no. 17]; and Plaintiff currently incarcerated at the New Jersey State Prison; and Plaintiff stating that he "filed for counsel in February of 2008 [a]nd never got an answer" (Pl.'s App. at 1); and Plaintiff also stating that he "[does not] have the money to get [his] own counsel" *Id.*; and Plaintiff further stating that he "lack[s] the ability to present an effective case without an attorney [because] [t]he legal issues are complex and [he] lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs" *Id.*; and the Court noting that the instant Application to appoint *pro bono* counsel is the first received from the Plaintiff by the Court, despite Plaintiff's contention otherwise; and the Court also noting that <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57 (3d Cir. 1993), articulates the criteria for the appointment of *pro bono* counsel; and <u>Tabron</u> providing that if the Court determines that the claim does have "arguable merit in fact and law," <u>id.</u> at 155, then additional factors should be considered including:

1. The plaintiff's ability to present his or her own case;
2. The difficulty of the particular legal issues;
3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;

      4.       The plaintiff's capacity to retain counsel on his or her own behalf;

      5.       The extent to which a case is likely to turn on credibility determinations; and

      6.       Whether the case will require testimony from expert witnesses.

Id. at 155-57; and the Court further noting that pursuant to Tabron, that "district courts [have] broad discretion to request an attorney to represent an indigent civil litigant." Id. at 153; and for the purposes of this Application, the Court assuming that Plaintiff has satisfied the threshold requirement of presenting a meritorious claim, specifically a claim for malicious prosecution against Defendants Sgt. D.J. MacMinn and the unnamed Warren Twp. Police Officer(s) because all other claims in Plaintiff's Complaint were dismissed with prejudice on March 26, 2008, *See* [dkt. entry no. 5]; and the Court finding that Plaintiff's case, although involving Constitutional violations, appears to be relatively straightforward and not factually complex; and the Court further finding that Plaintiff will be able to obtain the necessary discovery through interrogatories and depositions, despite his incarceration; and the Court further finding that based on Plaintiff's contentions, denial of *pro bono* counsel would not create the likelihood that Plaintiff would incur substantial prejudice or result in a violation of his due process rights; and the Court further finding that the concerns raised by Plaintiff do not rise to the "special circumstances" that would warrant the appointment of counsel discussed in Tabron, 6 F.3d at 155; and the Court planning to assess Plaintiff's continued ability to present his case; and the Court noting that should the need for counsel arise, it will appoint one *sua sponte*; and the Court having reviewed Plaintiff's submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

      **IT IS** on this **21st** day of November, 2008,

  **ORDERED** that Plaintiff's Application for *pro bono* counsel [dkt. entry no. 17] is **DENIED** without prejudice.

                 *s/ John J. Hughes*
                 **JOHN J. HUGHES**
                 **UNITED STATES MAGISTRATE JUDGE**