**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

ROD MITCHELL,                     :
                                  :   Civil Action No. 08-0510 (FLW)
            Plaintiff,            :
                                  :
        v.                        :   **OPINION**
                                  :
SGT. D.J. MACMINN, et al.,        :
                                  :
            Defendant.            :

**APPEARANCES:**

Plaintiff <u>pro se</u>
Rod Mitchell
204 Somerset Street
Bound Brook, NJ 08805

Counsel for Defendants
Joseph M. Morris
Thomas P. Scrivo
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ  07102-4079

**WOLFSON**, District Judge

    This matter was originally opened to the Court by Plaintiff Rod Mitchell's submission of a Complaint, pursuant to 42 U.S.C. § 1983, asserting various civil rights claims arising out of his arrest on or about February 12, 2005, and subsequent prosecution. By prior Opinion and Order [4, 5] this Court dismissed with prejudice all claims except Plaintiff's claim for malicious prosecution asserted against Defendant Sgt. D.J. MacMinn and

another unnamed Warren Township Police Officer.[1]  This matter is now before the Court upon the filing, by counsel for Defendants Sgt. MacMinn, the unnamed Warren Township Police Officer, and the Township of Warren, of a Motion [31] for summary judgment.  For the reasons expressed below, the Motion will be granted, and this matter will be closed.

## I.   LOCAL CIVIL RULE 56.1

New Jersey Local Civil Rule 56.1(a), as amended in 2008, requires that on summary judgment motions, both the moving and non-moving parties furnish a statement identifying what each side deems to be the material facts, so that the Court can determine if a genuine dispute exists.  The commentary to the Rule notes that "the requirement of a separate document represents a change from the practice under the former version of the rule," and that "[t]he Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties."  The commentary specifies the content and format of the statement: e.g., the assertions must be set out in separately numbered paragraphs; each fact must be supported by a citation to an affidavit.

Consequences of a movant's noncompliance with the Rule can be severe–"[a] motion for summary judgment unaccompanied by a

---

[1] Plaintiff has never identified the unnamed police officer or moved to substitute a named individual as defendant.

statement of material facts not in dispute shall be dismissed." L.Civ.R. 56.1(a). See also Kee v. Camden County, 2007 U.S. Dist. LEXIS 23637, at *14 (D.N.J. 2007) (Simandle, Jr.); Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.). Where an opposition brief is not accompanied by a Rule 56.1 statement, the movant is not automatically entitled to summary judgment. Instead, the judge "may enter summary judgment in favor of the moving party only if the moving party has established that summary judgment is appropriate." Cornelio v. Coupon Serv. Corp., 2007 U.S. Dist. LEXIS 213, 15 *5 (D.N.J. 2007) (Pisano, J.). Such a scenario is predicated on the movant having filed a Rule 56.1 statement.

The Court is mindful of the fact that Plaintiff is a pro se litigant, and district court judges often relax procedural rules, including Local Civil Rule 56.1(a), for an unrepresented litigant. See, e.g., Jordan v. Allgroup Wheaton, 218 F.Supp.2d 643, 646 (D.N.J. 2002) (Irenas, J.), aff'd, 95 Fed.Appx. 462 (3d Cir. 2004) (pro se plaintiff's failure to submit a Rule 56.1 statement leads court instead to draw relevant facts "primarily from Plaintiff's complaint, and the transcript of Plaintiff's deposition testimony, Defendant's Statement of Undisputed Material Facts and supporting exhibits").

A court may excuse the failure to submit a Rule 56.1 statement where there is no evidence of bad faith. See, e.g.,

Rumbas v. Borough of Lawnside, 2008 U.S. Dist. LEXIS 60712 (D.N.J. 2008) (Simandle, Jr.); Shirden v. Cordero, 509 F.Supp.2d 461, 463-64 n.1 (D.N.J. 2007) (Martini, Jr.) (stating "lack of compliance with the Local Civil Rules has made it difficult and time-consuming for the Court to determine whether a genuine issue of material fact exists.  Nonetheless, the Court, having found no evidence of bad faith, will decide Defendants' motion on its merits").  A judge may relax the Rule as well where the interests of justice so require, which most commonly arises when both parties fail to comply.  For example, in Kee v. Camden County, 2007 U.S. Dist. LEXIS 23637, at *16 (D.N.J. 2007), Judge Simandle decided to adjudicate a summary judgment motion where "both parties were equally lax in their compliance[,]" and where doing so was "in the best interest of the parties and justice." Nonetheless, before reaching this conclusion, he admonished defendants for providing "little in the way of support for their motion of summary judgment" and relying on documentary evidence and plaintiff's deposition, as well as plaintiff for submitting disorganized exhibits.  Id. at *15.  Judges throughout this District since have agreed with Judge Simandle's position, even after the 2008 amendments became effective.  E.g., Langan Eng'g & Envtl. Servs. v. Greenwich Ins. Co., 2008 U.S. Dist. LEXIS 99341 (D.N.J. 2008) (Greenaway, J.); Apata v. Howard, 2008 U.S. Dist. LEXIS 72321 (D.N.J. 2008) (Irenas, J.).

4

Here, Plaintiff has failed to submit a statement of material facts. Accordingly, this Court will draw the facts from Plaintiff's Complaint and the Defendants' statement and supporting documentary evidence.

## II.   BACKGROUND

At approximately 2:58 p.m., on Saturday, February 12, 2005, Defendant Sgt. D.J. MacMinn and Officer Horst of the Warren Township Police Department were dispatched separately to Pheasant Run Shopping Center on the report of two males in an older model blue Lincoln acting suspiciously.

Sgt. MacMinn observed a tall black male standing at the open trunk of an older model blue Lincoln. Sgt. MacMinn observed the black male taking objects from his jacket pockets and placing them into small white plastic shopping bags, and then placing the bags in the trunk. When Sgt. MacMinn was approximately 30 feet away from the front of the Lincoln, he observed the black male look at his marked police car and quickly finish emptying his pockets, close the trunk, and sit in the driver's seat of the blue Lincoln.

Sgt. MacMinn parked and approached the Lincoln on the passenger side, where a white male was seated, and asked the passenger for identification, which he produced. The passenger was identified as Stephen Hingel. While talking with the passenger, Sgt. MacMinn observed the black male in the driver's

5

seat singing, bobbing his head around, and periodically making remarks such as "What's going on?  Did you do something wrong?"

Based on the driver's behavior, Sgt. MacMinn approached him and asked for identification, also.  The driver was identified as Rod Mitchell, the Plaintiff here.  Sgt. MacMinn noticed that Mr. Mitchell had another white plastic shopping bag similar to the ones Sgt. MacMinn had seen him place in the trunk.  He asked Mr. Mitchell to hand him the bag, which Mitchell did, and Sgt. MacMinn found in the bag numerous items such as scrub brushes, potato chips, sunglasses, and costume jewelry.  The only receipt in the bag was from the A&P grocery store for a package of beef jerky.  Based on the number of products in the bag, Mr. Mitchell's behavior, the lack of receipts, and the officer's training and experience, Sgt. MacMinn concluded that the items had been shoplifted.  Therefore, Sgt. MacMinn asked Mr. Mitchell to step out of the car.[2]

When Mr. Mitchell stepped out of the car, he became agitated and kicked Sgt. MacMinn in the leg.  At that time, Mr. Mitchell was placed under arrest for assault.  Mr. Mitchell physically resisted arrest, was eventually handcuffed, and placed in the rear of Officer Horst's patrol car.  At this time, Officer Maddaluna arrived.  Also present was Officer Frank.  Sgt. MacMinn

---

[2] In the Complaint, Plaintiff alleges that Sgt. MacMinn made racial slurs during this conversation.  This fact is not material to the disposition of Plaintiff's claim.

instructed Officer Maddaluna to take Mr. Hingle out of the car and place him under investigatory detention.

During this time, several individuals approached the officers and identified themselves as employees of Drug Fair in Pheasant Run. Manager Warren Cohen and Assistant Manager Mike Reents advised Sgt. MacMinn that they had observed Mr. Mitchell and Mr. Hingel in and out of the store for the previous two hours. They stated that they suspected the individuals of shoplifting, but did not personally observe any acts of theft. Mr. Cohen stated that one individual would distract the employees by talking to them while the other individual would walk around the store.

Sgt. MacMinn then searched the trunk.[3] he asked Mr. Mitchell for consent to search the trunk, and Mr. Mitchell agreed. In the trunk, Sgt. MacMinn found several white plastic shopping bags containing sunglasses, costume jewelry, lighters, medical supplies, and other assorted items. There were no receipts for any of the items.

Mr. Cohen identified some of the merchandise as being from his store. Sgt. MacMinn advised headquarters to place Mr. Hingel under arrest for shoplifting. Mr. Cohen then escorted Sgt.

---

[3] The Defendants assert that Sgt. MacMinn asked for, and received permission to search the trunk. In the Complaint, Plaintiff asserted that the trunk was searched without permission. The difference as to this fact is not material to determination of this claim.

7

MacMinn and Officer Frank into the Drug Fair, where Mr. Cohen showed the officers that one side of the jewelry rack was empty and one side of the sunglasses rack was empty. An inventory was made and it was determined that $563.08 worth of merchandise had been taken from Drug Fair and was recovered from Mr. Mitchell's car. Sgt. MacMinn identified an additional $1,266.62 in property but, as there were no receipts, was unable to determine the victim.

Sgt. MacMinn contacted an assistant prosecutor who authorized the following charges to be brought against Mr. Mitchell: shoplifting in the third degree, N.J.S.A. 2C:20-11(b), and resisting arrest, N.J.S.A. 2C:29-2a(3), a disorderly persons offense. A grand jury indicted Mr. Mitchell for shoplifting; a disorderly persons (resisting arrest) charge was filed against Mr. Mitchell in Municipal Court. See State v. Mitchell, Ind. No. 05-03-00232 (Superior Court, Law Division, Somerset County).

On February 26 and 27, 2007, a hearing was held in State v. Mitchell, addressing Mr. Mitchell's motion to suppress evidence and to dismiss the indictment. (Certification in support of Motion for Summary Judgment, Exs. G and H, Transcripts of Hearing). Judge Robert Reed ruled that Sgt. MacMinn's actions in approaching and detaining Mr. Mitchell and Mr. Hingel constituted a lawful investigatory stop, that Sgt. MacMinn had probable cause to request access to and to inspect the contents of the bag in

8

the passenger compartment of the vehicle, and that he had probable cause to arrest Mr. Mitchell for shoplifting.  Judge Reed also ruled that Sgt. MacMinn had probable cause to arrest Mr. Mitchell for assault.  However, Judge Reed held that the state failed to meet its burden to establish consent to the search of the trunk, and he therefore ordered the evidence from the trunk suppressed.  Because the government could not establish the value of the items contained solely in the bag from the passenger compartment, Judge Reed dismissed the indictable shoplifting charge, noted that the State was not barred from re-filing in Municipal Court a disorderly persons shoplifting offense, and remanded the disorderly persons (resisting arrest) charge to Warren Township Municipal Court for disposition.

Thereafter, in September 2007, in resolution of the remaining disorderly persons (resisting arrest) charge, Mr. Mitchell, represented by counsel, pled guilty to a violation of Township of Warren Ordinance Number 3-2.2, which is a noise violation.[4]  (Certification in Support of Motion for Summary Judgment, Ex. K, Notice of Motion to Enter Disposition by Plea Agreement.)  Mr. Mitchell's sentence of fines and costs was converted to jail time.  (Certification in Support of Motion for Summary Judgment, Ex. L, Warren Township Automated Disposition

---

[4] It does not appear that the government re-filed any shoplifting charge against Plaintiff in Municipal Court.

Inquiry, and Ex. M., Transcript of Proceedings.)  There is no suggestion in the record that Mr. Mitchell appealed or otherwise challenged this disposition.

Here, Plaintiff asserted a variety of claims arising out of his arrest and prosecution.  The only claim remaining at this time is the claim for malicious prosecution, with respect to which the remaining defendants have moved for summary judgment.

### III.  ANALYSIS

A.  Summary Judgment Standard

A district court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

No genuinely triable issue of material fact exists when the moving party demonstrates – based on the submitted evidence, and viewing the facts in the light most favorable to the non-moving party – that no rational jury could find in the non-movant's favor.  Ambruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994).  Thus, the threshold enquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  In deciding whether triable issues of material fact

exist, a court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e)(2) of the Federal Rules of Civil Procedure further provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(2).

The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, the moving party bears the burden of showing no genuine issue of material fact, and the non-movant opposes the motion by presenting affirmative evidence to the contrary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). Under the Rule, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). See also Anderson, 477 U.S. at 247-48 ("By its very

11

terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.").

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986); <u>see also</u> <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."); <u>Anderson</u>, 477 U.S. at 249; <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992), <u>cert. denied</u>, 507 U.S. 912 (1993) ("To raise a genuine issue of material fact, ... the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the ' mere scintilla' threshold and ... offer[] a genuine issue of material fact.").

A movant need not affirmatively disprove the other party's case; he may move on the ground that the non-movant lacks evidence "sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477

U.S. 317, 322-23 (1986). Nevertheless, again, it is not sufficient to support a motion with only conclusory assertions that the non-movant has no evidence to prove his case. To the contrary, as Justice White warned, in his concurring opinion in Celotex, "It is the defendant's task to negate, if he can, the claimed basis for the suit." Celotex, 477 U.S. at 328 (Justice White, concurring). Celotex's progeny reflects that sentiment – that the movant bears the burden of demonstrating the lack of evidence in the record to support the non-movant's claims. See, e.g., Haywood v. Nye, 999 F.Supp. 1451, 1463 (D. Utah 1998); Andrews v. Crump, 984 F.Supp. 393, 402-03 (W.D.N.C. 1996).

B.  The Malicious Prosecution Claim

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999). Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are: (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal

13

proceeding was terminated favorably to the plaintiff. Lind v. Schmid, 67 N.J. 255, 262 (1975). A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).

Here, the undisputed facts negate elements (3) and (4) of a malicious prosecution claim, as outlined above. There has been a judicial ruling that Sgt. MacMinn conducted a lawful investigatory stop, that he had probable cause to request access to and to inspect the white plastic bag in the passenger compartment, and that there was probable cause to arrest Plaintiff for assault and shoplifting. Moreover, the criminal prosecution was not terminated favorably to Plaintiff. Although the indictable shoplifting offense was dismissed following suppression of certain evidence, the criminal complaint charging a disorderly persons offense was resolved by Plaintiff's guilty plea. Defendants have established their entitlement to summary judgment in their favor.[5] See, e.g., Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009) (analyzing malicious prosecution claim involving multiple charges and concluding that the criminal

---

[5] Because Plaintiff cannot prove elements (3) and (4) of a malicious prosecution claim, the dispute as to the element of malice is not material to the decision of this matter.

14

judgment as a whole must indicate the plaintiff's innocence of the alleged misconduct charged).

## IV. CONCLUSION

For the reasons set forth above, the Motion [31] for summary judgment will be granted.  An appropriate order follows.

                                       s/Freda L. Wolfson
                                       Freda L. Wolfson
                                       United States District Judge

Dated: June 29, 2010